CARROLL, Judge.
This is an appeal by the defendant from an adverse summary judgment entered in the civil court of record in Dade County. The parties will be referred to as they appeared in the trial court.
The plaintiff filed an action to recover the purchase price of certain specially fabricated awnings. The amended complaint alleged the parties entered into a contract for the manufacture and installation of awnings'on the premises of the defendant; that the awnings were fabricated by the plaintiff and submitted for installation but were refused by the defendant; that the awnings had no value to plaintiff other than to install them on the defendant’s premises; and plaintiff claimed the purchase price under the alleged contract, a copy of which was attached to the complaint.
The defendant answered denying the allegations, and averring that the docu- *201 merit was not a contract between the parties but was an estimate, for which the defendant had charged the plaintiff $20, and that “no further action on the alleged contract attached to the original complaint was contemplated by the defendant nor was there any reason for the plaintiff to assume the contrary.”
The document contained a rough drawing showing the locations for the awnings on the premises. The main item was a patio type car port awning, to be installed with two 8-foot posts or supports.
The price stated on the proposal was $727, with $20 shown thereon as a down payment, leaving a balance of $707. The instrument did not contain an express promise to purchase or promise to pay. Spaces on the form for dates for performance and for payment and amount of installments and for designation of color for the awnings were left blank. At the foot of the document space was provided for signature of the “purchaser,” and under the name of the awning company there were two lines for signatures, one for an “officer” and one for a “representative.” The document was signed by the defendant, and by a representative of the plaintiff company. On the face of the instrument it was stated that provisions on the reverse side were incorporated by reference and constituted a part of the contract. The printed provisions on the reverse side included the following: “This proposal becomes the contract when accepted by the purchaser and approved by an offical of the company.”
Both parties moved for summary judgment. Plaintiff’s motion was supported by an affidavit of its sales manager which, repeating the allegations of the complaint, stated that the parties had entered into a contract; that the awnings were fabricated; that installation was attempted; and that ■ defendant refused to allow installation.
In opposition to the motion the defendant filed an affidavit stating that the document he signed was a proposal or es-tímate which he had sought and obtained from the plaintiff; that the $20 he paid was the company’s charge for the estimate; that plaintiff’s representative informed him that if the items specified were ordered by him to be manufactured and installed, the-$20 paid for the estimate would be credited on the price charged; that it was understood between them that the manufacture and installation of the awnings would not* proceed unless and until ordered by the defendant; and that he had not informed the company to so proceed.
The motions for summary judgment were denied. Thereafter, with leave of court, the plaintiff filed an amended complaint, adding a claim for attorney fees. The defendant filed an amended answer, and a counterclaim alleging plaintiff’s employees had come onto defendant’s property (in attempting to install the awnings) and had ■damaged the premises “by making holes in and attaching foreign materials to this defendant-counterclaimant’s home,” and alleging that although such damages were minor the defendant would be required to expend monies to repair the same. Plaintiff then filed an answer to the counterclaim denying its allegations.
Thereafter a second motion for summary judgment was filed by the plaintiff. With that motion there was filed an additional supporting affidavit, made by an appraiser for a Federal Savings & Loan Association which held a mortgage on the property. It was made to appear therefrom that the premises of the defendant had suffered damage in a hurricane; that the appraiser had inspected the premises and noted the damaged awnings and car port; that the defendant had informed the mortgagee he had a contract for the repair of the awnings, including the car port which the mortgagee required should be restored as a condition of releasing the storm insurance monies to defendant; that after receiving such information, from the defendant he (the appraiser for the mortgagee) telephoned the awning company and verified what the defendant had stated to him re *202 garding the contract; and that based thereon the mortgagee authorized the defendant to proceed to settle with the insurance company.
On the evidence before the court, including that additional affidavit, the trial court granted plaintiff’s motion and entered summary judgment against the defendant for $707 plus $21 costs.
On consideration of the record we are impelled to conclude that the tidal court committed error in granting summary judgment for the plaintiff. Not dispelled were issues as to whether the document sued upon was a contract at the outset or was only a proposal or estimate, and if it was the latter, then whether the defendant later authorized performance by the plaintiff, or whether, without such express authorization, the plaintiff was properly entitled to proceed on the basis of the information which plaintiff obtained from the mortgagee.
Accordingly, the summary judgment is reversed and the cause is remanded for trial
Reversed and remanded.